437 P.2d 487 (1968)
C.H. SAVAGE, Dba C.H. Savage Co., Respondent and Cross-Appellant,
v.
PETER KIEWIT SONS' CO., a Nebraska Corporation, Respondent, and
David B. Simpson, Glenn L. Jackson, and Kenneth Fridley, Constituting the Oregon State Highway Commission, Appellant and Cross-Respondent.
Supreme Court of Oregon, In Banc.
February 21, 1968.
Bruce M. Hall and Bonyhadi & Hall, Portland, for the petition.
Cleveland C. Cory, Portland, contra.
Before PERRY, C.J., and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK, JJ.
GOODWIN, Justice.
In the opinion reversing the declaratory decree in this case we instructed the trial court to dismiss the complaint, without costs to either party, 432 P.2d 519. In a petition for rehearing, the plaintiff has pointed out that it was not necessary to dismiss the plaintiff's complaint insofar as it may have asserted claims against the defendant Peter Kiewit Sons' Co. We did not intend to pass upon the merits of any disputes that may exist between the plaintiff and Kiewit, because such questions were not before us on appeal. The trial court had granted the plaintiff relief against Kiewit and the Highway Commission, and had granted Kiewit relief against the Commission. We held that the Commission was not liable either to the plaintiff or to Kiewit.
Some of the language of the trial court's findings and conclusions touched upon issues between the plaintiff and Kiewit, but these views were premised upon the trial court's belief that both the plaintiff and Kiewit were entitled to recover against the Highway Commission. As that assumption was held to be in error, the rights of the remaining parties between themselves, if any, must be determined with the Commission out of the case.
The mandate should provide that the proceedings against the Oregon State Highway Commission be dismissed without prejudice to the rights of the remaining parties. The cause is remanded for further proceedings to resolve any issues remaining to be litigated between the plaintiff and the defendant Kiewit.
Former opinion modified; petition for rehearing in all other respects denied.